IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC M. MISKOVITCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES J. WALSH, ESQ, )<br>DAVID R. CASHMAN )<br>)<br>Defendants. ) | Civil Action No. 08-1474<br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM OPINION

On October 20, 2008, Plaintiff Eric M. Miskovich (Plaintiff), filed this law suit against his James J. Walsh, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff alleged that Defendant, who was Plaintiff's court-appointed attorney in a criminal matter in State court, violated Plaintiff's rights under the Sixth and Eighth Amendments to the United States Constitution by conspiring with state officials to deny him of bail. After Plaintiff filed an amended complaint, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss (doc. no. 12). After the parties consented to proceed before a United States Magistrate Judge, on September 22, 2009, I granted Defendant's Motion and dismissed Plaintiff's amended complaint without prejudice and allowed him to file an amended complaint. On October 16, 2009, Plaintiff filed a second amended complaint (doc. no. 26) against Walsh and added his trial judge from state court, the Honorable David R. Cashman. For the reasons set forth below, the Second Amended Complaint will be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

In this regard, this Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*.

28 U.S.C. § 1915(e)(2)(B). The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir.1990).

In his lengthy and convoluted Second Amended Complaint, Plaintiff attempts to assert that Defendants are engaged in some sort of conspiracy to deny him his Sixth Amendment Rights in regards to his criminal trial in state court. Specifically, he claims that the judicial practice of approving compensation claims submitted by court-appointed criminal defense lawyers is a conspiracy designed to violate criminal defendants' Six Amendment right to counsel. He tries to support this conspiracy by claiming that, *inter alia*, Walsh changed his mind about a motion for subject matter jurisdiction after having drinks with Judge Cashman at the Common Plea Restaurant.

A court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. A review of the Second Amended Complaint reveals that Plaintiff's claims are frivolous in that they lack even an arguable basis in law and his factual allegations describe fantastic or delusional scenarios.

Moreover, Plaintiff's allegations fail to state a claim upon which relief may be granted. In this regard, in order to demonstrate a conspiracy, "a plaintiff must show that two or more

conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970)), *abrogated on other grounds*, United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir.2003).  A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants.  Bieros v.Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).  A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events."  Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997).  *See also* Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

Here, Plaintiff's allegations fail to meet the pleading standard set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  In that case, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.  Thus, a claim will be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Id*.  There simply are no facts contained in Plaintiff's Second Amended Complaint that are sufficient to state a claim for relief that is plausible on its face.  As such, the Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.

Finally, to the extent Plaintiff's claims relate to any of his criminal convictions, it is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *See also* Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because Plaintiff's criminal convictions have not been overturned or invalidated, or called into question by the issuance of a writ of habeas corpus, Plaintiff's damage claim, to the extent that it implies the invalidity of any of his criminal convictions, is not cognizable at this time.

For the reasons set forth above, the Second Amended Complaint will be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B). An appropriate Order follows.

    /s Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

April 22, 2010

cc: Eric M. Miskovitch
    49844
    Allegheny County Jail
    950 2nd Avenue
    Pittsburgh, PA 15219-3100